KAY FINANCE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43267.   Promulgated March 17, 1932.

*J. Sydney Salkey, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, and *James K. Polk, Jr., Esq.*, for the respondent.

OPINION.

SEAWELL: There appears no contention but that the facts of this case, as stipulated, bring it within the provisions of sections 204 (a) (8) and 203 (b) (4) and 203 (i) of the Revenue Act of 1926.

It is, in effect, admitted that the petitioner corporation acquired after December 31, 1920, certain property (corporate stock) from an individual who had paid therefor $7,757.50 and in payment therefor to the individual the petitioner issued its own stock to an amount more than 80 per cent of its entire stock and immediately thereafter the individual was in control of the petitioner corporation; and that in 1926 the petitioner sold the property so acquired for the sum of $33,359.72.

The petitioner, however, insists that at the time of the transaction between it and the individual the petitioner " valued " the property received at $57,904, and that accordingly instead of a profit or gain on the transaction of $25,602.22 ($33,359.72 minus $7,757.50), as claimed by the Commissioner, it had a loss of $24,544.28 ($57,904 minus $33,359.72).

There was no evidence offered at the hearing, and no stipulation of fact, tending to show that the property received by the petitioner had a value at the time of its receipt of $57,904 or of anything more than $7,757.50, the cost thereof to petitioner's transferor. There was likewise no evidence or stipulation as to the value of petitioner's stock issued in payment for the property received. But under these circumstances the petitioner contends that using the cost to the transferor as the basis for determining the profit or gain to the petitioner, the transferee, is equivalent to taxing not gain, but the capital of the petitioner, and that section 204 (a) (8) of the Revenue Act of 1926 is accordingly without the warrant of the Constitution.

Even if the proof or stipulated facts brought the petitioner's contentions within the circumference of its argument, nevertheless, we would be constrained to deny its conclusions and to follow the uniform rulings of the Board and the published decisions of the courts to the effect that the revenue act challenged is not violative of the Constitution. *Haas Building Co.*, 22 B. T. A. 528; *T. W. Phillips, Jr., Inc.*, 23 B. T. A. 1271; *Newman, Saunders & Co.* v. *United States* (Ct. Cls.), 36 Fed. (2d) 1009 (certiorari denied, 281 U. S. 760); *Osburn California Corporation* v. *Welch*, 39 Fed. (2d) 41.

*Judgment will be entered for the respondent.*